**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30140 |
| Plaintiff-Appellee, | D.C. No. 1:17-cr-00078-DCN-1 |
| v. | |
| ROBBY DAVID HALEY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted February 17, 2021**

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Robby David Haley appeals from the district court's judgment and

challenges the 8-month sentence imposed upon revocation of supervised release.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Haley contends that the district court procedurally erred by basing the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sentence on the need to punish him for the revocation conduct and by failing to explain adequately the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none.

The record reflects that the district court considered Haley's arguments in favor of a 45-day sentence and adequately explained that a mid-range Guidelines sentence was appropriate for several reasons, including the need to deter Haley's misconduct and appropriately sanction his breach of the court's trust. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc). Moreover, it is apparent from the record that, despite its use of the word "punishment," the district court did not rely on an improper factor but instead permissibly considered the need to sanction Haley's repeated breaches of the court's trust. *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006).

Haley next contends that the within-Guidelines sentence is substantively unreasonable in light of several mitigating factors, including his drug addiction, need for treatment, and his traumatic childhood. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The 8-month sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

20-30140